Kenneth C. Howell, ISB No. 3235
HAWLEY TROXELL ENNIS & HAWLEY LLP
877 Main Street, Suite 1000
P.O. Box 1617
Boise, ID 83701-1617
Telephone: 208.344.6000
Facsimile: 208.954.5226
Email: khowell@hawleytroxell.com

Attorneys for Defendant WELLS FARGO BANK

UNITED STATES DISTRICT COURT

DISTRICT OF IDAHO

| | |
|---|---|
| CHARLES EDWARD LINCOLN, III,<br><br>    Plaintiff,<br><br>vs.<br><br>NORTHWEST TRUSTEE SERVICES, WELLS FARGO BANK, as successor by merger to WELLS FARGO HOME MORTGAGE, INC., FIRST AMERICAN TITLE CORPORATION, THE FLORIDA DEFAULT LAW GROUP, L.L.C., FIRST AMERICAN CORPORATION, WILLIAM "BILL" HURST, CHRIS SMITH, and all JOHN & JANE DOES 1-50,,<br><br>    Defendants. | Case No. 09-163-S-REB<br><br>ANSWER |

COMES NOW WELLS FARGO BANK, N.A. ("Wells Fargo"), by and through its counsel, Hawley Troxell Ennis & Hawley, LLP, and for an answer to Plaintiff's Complaint, avers as follows:

ANSWER - 1

# I.
# GENERAL DEFENSE

Except as specifically admitted herein, Wells Fargo denies each and every provision of Plaintiff's Complaint.

# II.
# FAILURE TO STATE A CLAIM

Plaintiff's Complaint fails to state a cause of action for relief and should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

# III.
# ADMISSIONS AND DENIALS

1. With respect to paragraph 1 of Plaintiff's Complaint, no response appears to be required.

2. With respect to paragraph 2 of Plaintiff's Complaint, Wells Fargo has no basis to admit the claims alleged therein, and accordingly denies the same based on a lack of information and belief.

3. With respect to paragraph 3 of Plaintiff's Complaint, Wells Fargo admits that Plaintiff claims declaratory relief, but denies the balance of that paragraph.

4. With respect to paragraph 4 of Plaintiff's Complaint, no response appears to be required, but Wells Fargo denies the same and moves to strike as it does not state a plain basis for relief.

5. With respect to paragraph 5 of Plaintiff's Complaint, no response appears to be required, but Wells Fargo denies the same and moves to strike as it does not state a plain basis for relief.

03893 0240 1512547 1

6. With respect to paragraph 6 of Plaintiff's Complaint, no response appears to be required, but Wells Fargo denies the same and moves to strike as it does not state a plain basis for relief.

7. With respect to paragraph 7 of Plaintiff's Complaint, no response appears to be required, but Wells Fargo denies the same and moves to strike as it does not state a plain basis for relief.

8. With respect to paragraph 8 of Plaintiff's Complaint, no response appears to be required, but Wells Fargo denies the same and moves to strike as it does not state a plain basis for relief.

9. With respect to paragraph 9 of Plaintiff's Complaint, Wells Fargo admits only that it conducts business in Boise, Idaho.

10. With respect to paragraph 10 of Plaintiff's Complaint, Wells Fargo has a lack of information and belief sufficient to admit any of the provisions alleged, and accordingly denies the same based upon a lack of information and belief.

11. Wells Fargo denies the provisions of paragraphs 11 and 12 of Plaintiff's Complaint.

12. With respect to paragraph 13 of Plaintiff's Complaint, Wells Fargo alleges only that the allegations in the Florida action speak for themselves.

13. With respect to paragraph 14 of Plaintiff's Complaint, Wells Fargo alleges only that the allegations in the Florida action speak for themselves.

14. With respect to paragraphs 15 through 20 of Plaintiff's Complaint, no response appears to be required, but Wells Fargo denies the same and moves to strike as it does not state a plain basis for relief.

ANSWER - 3

15. With respect to paragraph 21 of Plaintiff's Complaint, no response appears to be required, but Wells Fargo denies the same and moves to strike as it does not state a plain basis for relief

16. With respect to paragraphs 22, 23 and 24, of Plaintiff's Complaint, Wells Fargo denies the same

17. With respect to paragraph 25 of Plaintiff's Complaint, Wells Fargo reincorporates and realleges all of its responses to the referenced paragraphs.

18. With respect to paragraphs 26 through 28 of Plaintiff's Complaint, Wells Fargo denies the same.

19. With respect to paragraph 29 of Plaintiff's Complaint, Wells Fargo admits only that Idaho law implies a covenant of good faith and fair dealing to all contracts. Wells Fargo denies the balance of this paragraph.

20. With respect to paragraphs 30 and 31 of Plaintiff's Complaint, Wells Fargo denies the same.

21. With respect to paragraph 32 of Plaintiff's Complaint, Wells Fargo incorporates and realleges its responses to the referenced paragraphs

22. With respect to paragraphs 33 through 36 of Plaintiff's Complaint, no response appears to be necessary by Wells Fargo, but Wells Fargo denies each and every paragraph.

23. With respect to paragraph 37 of Plaintiff's Complaint, Wells Fargo incorporates and realleges its responses to the referenced paragraphs.

24. With respect to paragraphs 38 through 43 of Plaintiff's Complaint, no response appears to be necessary by Wells Fargo, but Wells Fargo denies each and every paragraph.

ANSWER - 4

25.   With respect to paragraph 44 of Plaintiff's Complaint, Wells Fargo incorporates and realleges its responses to the referenced paragraphs.

26.   With respect to paragraphs 45, no response appears to be necessary by Wells Fargo, but Wells Fargo denies each and every paragraph.

## IV.
## AFFIRMATIVE DEFENSES

1.   Plaintiff's claims should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6), or in the alternative, dismissed pending the filing of a more definite statement by Plaintiff.

2.   Plaintiff's claims are barred by the doctrine of res judicata, including both issue and fact preclusion.

3.   Plaintiff's claims are barred by the equitable doctrines of laches, waiver and unclean hands.

4.   Plaintiff's claims are barred due to a lack of contractual privity.

5.   Plaintiff's claims are barred by estoppel.

6.   Wells Fargo has fully performed all contractual, statutory or other duties owed to Plaintiff, if any there were or if any there by, and Plaintiff is, therefore, barred from asserting any cause of action against Wells Fargo.

7.   Wells Fargo has considered and believes that it has additional affirmative defenses but that it cannot, based on the strictures of Federal Rule of Procedure 11, state them at this time. Wells Fargo reserves the right to amend its answer to state additional affirmative defenses at such time as its Rule 11 obligations can be satisfied.

WHEREFORE, Wells Fargo prays for relief as follows:

1.   That Plaintiff's Complaint be dismissed and that he take nothing thereby;

ANSWER - 5

03893 0240 1512547 1

2.     For an award of the reasonable costs and attorneys' fees incurred by Wells Fargo in this matter;

3.     For such other and further relief as to the Court may seem just

DATED THIS 29th day of April, 2009.

                HAWLEY TROXELL ENNIS & HAWLEY LLP

                By _____
                   Kenneth C. Howell
                   Attorneys for Defendant WELLS FARGO
                   BANK

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 29th day of April, 2009, I electronically filed the foregoing ANSWER with the Clerk of the Court using the CM/ECF system which sent a Notice of Electronic Filing to the following persons:

Charles Edward Lincoln, III
charles.e.lincoln@att.net

_____
Kenneth C. Howell

ANSWER - 6