Lance Olsen, ISB #7106
Routh Crabtree Olsen, P.S.
3535 Factoria Blvd. SE, Suite 200
Bellevue, WA 98006
Telephone       (425) 586-1905
Facsimile       (425) 283-5905
lolsen@rcolegal.com

Attorneys for Defendant
Northwest Trustee Services, Inc.

## UNITED STATES DISTRICT COURT
## DISTRICT OF IDAHO

| | | |
|---|---|---|
| CHARLES EDWARD LINCOLN, III, | ) | **Case No. 09-163-S-REB** |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **DEFENDANT NORTHWEST** |
| | ) | **TRUSTEE SERVICES, INC.'S** |
| NORTHWEST TRUSTEE SERVICES, | ) | **MOTION TO DISMISS FOR FAILURE** |
| WELLS FARGO BANK, As successor | ) | **TO STATE A CLAIM UPON WHICH** |
| by merger to WELLS FARGO HOME | ) | **RELIEF CAN BE GRANTED** |
| MORTGAGE, INC., FIRST | ) | |
| AMERICAN TITLE CORPORATION, | ) | **MEMORANDUM OF LAW IN** |
| THE FLORIDA DEAULT LAW | ) | **SUPPORT** |
| GROUP, L.L.C., FIRST AMERICAN | ) | |
| CORPORATION, WILLIAM "BILL" | ) | |
| HURST, CHRIS SMITH, And all JOHN | ) | |
| & JANE DOES 1-50, | ) | |
| | ) | |
| Defendants. | ) | |

COMES NOW, Defendant Northwest Trustee Services, Inc. ("NWTS"), by and

through its attorneys of record, Routh Crabtree Olsen, P.S. and submits this Memorandum

in support of its Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).

///

# I.  BACKGROUND AND FACTS

This lawsuit arises out of non-judicial foreclosure proceedings concerning a piece of property located in Caldwell, Idaho.

On or about March 23, 2005 borrower Hal Kuder, Jr. granted a Deed of Trust ("DOT") to Wells Fargo Bank, N.A. The DOT was granted in order to secure repayment of a loan extended to Kuder for $73,920.00 ("Note") to purchase a residential property located in Canyon County with the address 404 Andrew Court, Caldwell, Idaho, 83605. The DOT was properly recorded on March 29, 2005 under Canyon County, Idaho Auditor's File No. 200516224.  A true and correct copy of the deed of trust is attached as Exhibit A.

Thereafter, Kuder failed to make the agreed upon monthly payments as specified in the Note. Thus, Kuder was in default of the terms of the Note and the beneficiary instructed NWTS to initiate actions to enforce the Deed of Trust.

Under the terms of the DOT, in the event the Kuder defaulted, the beneficiary is authorized to foreclose upon the property and exercise its power of sale. Accordingly, upon the default, Wells Fargo, the current beneficiary, elected to exercise its power of sale and directed Defendant Northwest Trustee Services ("NWTS") to commence the non judicial foreclosure process and proceed to complete a trustee's sale of the property in the event the borrower failed to cure the default.

On September 5, 2008, the beneficiary appointed Defendant NWTS as successor trustee.  The Appointment of Successor Trustee was recorded September 5, 2008 under Canyon County, Idaho Auditor's File No. 2008048305.  A true and correct copy of the Appointment of Successor Trustee is attached as Exhibit B.

On that same date, NWTS recorded a Notice of Default (NOD) against the property. The NOD is hereto attached as Exhibit C.

On or about October 8, 2008, NWTS served a copy of the Notice of Trustee Sale (NOTS) to an occupant at the property and posted a copy of the NOTS at the property. The affidavit of posting and service is hereto attached as Exhibit D. Attached to the NOTS was a letter detailing the amount Plaintiff owed that could be paid, in full, in order to cure the default. The letter also included an estimation of the amount owed at the time of the scheduled sale. The NOTS set the Trustee's Sale for January 20, 2009.

On or about January 14, 2009, NWTS postponed the Trustee's Sale pursuant to the nationwide Federal Home Loan Mortgage Corporation moratorium on foreclosures. The Trustee's Sale was rescheduled for February 2, 2009.

On or about February 2, 2009, NWTS was notified that Charles Edward Lincoln was the new vested owner of the property and that he had filed a Chapter 7 Bankruptcy Petition on January 17, 2009. Therefore, on February 2, 2009, NWTS postponed the Trustee's Sale in recognition of the automatic stay provided for under 11 U.S.C. §362. The transfer from Kuder to Lincoln was made without the consent of the lender, in violation of the terms of the Note and DOT, and triggered payment in full due on the Note.

On February 6, 2009, Lincoln's Chapter 7 Bankruptcy Petition was dismissed.

Following dismissal of Lincoln's bankruptcy, NWTS rescheduled the Trustee's sale to occur on April 10, 2009 and published the Notice of Rescheduled Trustee's Sale in the Idaho Press Tribune on March 16, 2009, March 23, 2009, and March 30, 2009. The affidavit of publication is hereto attached as Exhibit E.

On or about April 8, 2009, the Plaintiff filed this lawsuit in United State District Court, District of Idaho seeking Declaratory and Injunctive Relief asking the court to issue an injunction against unlawful foreclosure and the enforcement of illegal or void contracts and to quiet title to real estate located in California, Florida, and Idaho.

Currently, NWTS has postponed the Trustee's Sale to May 8, 2009 but absent order of the court intends fully to proceed to sale on that date.

## II.  ISSUE PRESENTED

1. *Whether Plaintiff's causes of action against NWTS should be dismissed for failure to state a claim upon which relief can be granted, pursuant to Fed. R. Civ. P. 12(b)(6) when Plaintiff makes incoherent accusations and allegations not supported by recognized legal theories and asks the court for injunctive relief that Plaintiff is not entitled to?*

## III.  EVIDENCE RELIED UPON

This motion is based upon:

1.      The Complaint of Plaintiff; and

2.      Exhibits attached to this motion.

## IV.  LEGAL AUTHORITY

This motion to dismiss is made pursuant to Fed. R. Civ. P. 12(b)(6).  Defenses and objections based upon based upon failure to state a claim upon which relief can be granted shall also be made by motion. Fed. R. Civ. P. 12(b)(6).  If a 12(b)(6) motion includes matters presented outside of the pleading and not excluded by the court, the motion shall be treated as one for summary judgment.  *Id.* at 12(b).  "Where other matters are incorporated by reference in the pleadings, the court may properly consider such matters in passing on the [12(b)(6)] motion attacking the pleadings."  *Stewart v. Arrington Const'r. Co.*, 92 Idaho 526, 530, 446 P.2d 895, 899 (Idaho 1968).  For example, it is proper for the court to

consider uncontroverted facts that establish an affirmative defense, such as a contract

incorporated by reference, but not attached to the complaint as an exhibit.  *Id.* at 530 n.5.

### A. THE COURT SHOULD DISMISS PLAINTIFF'S CAUSE OF ACTION AGAINST NWTS BECAUSE PLAINTIFF'S HAVE FAILED TO STATE ANY CLAIM UPON WHICH RELIEF CAN BE GRANTED.

Under no set of facts, could Plaintiff's unfounded assertions that have no grounding

in the law amount to a cause of action against NWTS. A motion to dismiss should not be

granted "unless it appears beyond doubt that plaintiff can prove no set of facts in support of

his claim that would entitle him to relief." *Clegg v. Cult Awareness Network,* 18 F.3d 752,

754 (9th Cir. 1994). The purpose of a Rule 12 (b)(6) motion is to test the sufficiency of the

claim for relief by addressing itself solely to the failure of the complaint to state a claim.

*Church of Scientology of Ca. v. Flynn,* 744 F.2d 694, 696 (9th Cir. 1984).  A court may

take judicial notice of "matters of public record" without turning a Rule 12(b)(6) motion

into a motion for summary judgment.  *Lee v. City of Los Angeles,* 250 F.3d 668, 689 (9th

Cir. 2001). "[C]onclusory allegations of law and unwarranted inferences are insufficient to

defeat a motion to dismiss."  *Ove v. Gwinn,* 264 F.3d 817, 821 (9th Cir. 2001).

> 1. Plaintiff's Cause of Action against NWTS should be dismissed because Plaintiff fails to allege any wrongdoing or violation of law by NWTS and thus has failed to state any claim upon which relief may be granted.

Plaintiff asserts that NWTS knew or should have known that Wells Fargo had no

valid authority to designate NWTS as an agent or lawful delegate for the collection of any

debt against Hal Kuder, Jr. or any of his assigns or successors. *See* Complaint, ¶ 33). This

conclusory statement is not supported by any facts and is not grounded in a cognizable

legal theory.

Furthermore, Plaintiff's statement is incorrect. Under the terms of the DOT, "If the Lender invokes the power of sale, Lender shall execute or cause Trustee to execute written notice of the occurrence of an event of default and of Lender's election to cause the Property to be sold…After the time required by Applicable Law, Trustee, without demand on Borrower, shall sell the Property at public auction." *See* DOT, ¶ 22. In other words, Wells Fargo, by virtue of the borrower's default, was authorized to cause NWTS to initiate a nonjudicial foreclosure against the properties.

Plaintiff further alleges that NWTS knew or should have known, prior to setting a nonjudicial foreclosure sale, that Wells Fargo Bank securitized Hal Kuder's Mortgage Note and Contract and transferred both the legal and beneficial interests to other parties. *See* Complaint, ¶ 34. Again, Plaintiff fails to state any wrongdoing or violation. Under the terms of the DOT, "the Note or a partial interest in the Note (together with the Security Instrument) can be sold one or more times without prior notice to Borrower. *See* DOT, ¶ 20. Thus, the terms of the DOT expressly state that Wells Fargo had the right to transfer their interest in the Note. Plaintiff does not connect how NWTS purported reason to know of the transfer of the note amounts to a wrongdoing or how it provides Plaintiff a legal remedy against NWTS. Furthermore, securitization of mortgage loans is not prohibited. Thus, under no set of facts, has Plaintiff asserted a claim upon which he would be entitled to relief.

    2. <u>Plaintiff's request for injunctive relief should be dismissed because Wells Fargo was entitled to direct NWTS to initiate foreclosure.</u>

Plaintiff alleges that NWTS should be enjoined from further action because NWTS knew or should have known prior to setting a nonjudicial foreclosure sale for the Property that Wells Fargo was no longer the "holder in due course" or otherwise in privity with Hal

Kuder, and was thus lawfully without power to seek to enforce the mortgage contract. *See* Complaint, ¶ 35.

Plaintiff's reference to "holder in due course" is both incorrect and irrelevant. A "holder in due course" is a defense that can be asserted by a party who contends that it acquired a negotiable instrument for value, in good faith, and without notice that the instrument is overdue, has been dishonored, is subject to a valid claim or defense by any person, is part of a series against at least one instrument of which exists uncured default, contains alterations or unauthorized signatures, or is so irregular or incomplete as to call into question its authenticity. U.C.C. 3-302. Plaintiff has not pled any facts that amount such circumstances.

For the Plaintiff to assert that NWTS should have known that Wells Fargo was a "holder in due course" simply makes no sense. Notwithstanding the Plaintiff's misuse of the term, if Plaintiff meant to assert that NWTS should have known that Wells Fargo was no longer the holder of the note, Plaintiff is again mistaken.

Wells Fargo is the named beneficiary on the properly recorded Deed of Trust. By virtue of its beneficiary status, under the terms of the Deed of Trust, Wells Fargo was entitled to exercise its power of sale in the event of default. Therefore, any allegation that Wells Fargo is not the holder of the Note entitling them to foreclose is clearly refuted by the terms of the recorded Deed of Trust that authorize Wells Fargo and NWTS to complete a nonjudicial foreclosure. Thus, the court should not grant Plaintiff's request for injunctive relief against further proceedings.

///

Additionally, thus far, NWTS has followed the statutorily prescribed procedures pursuant to I.C. 45-1506 for carrying out the nonjudicial foreclosure. Accordingly, the complaint against NWTS should be dismissed.

## V.  CONCLUSION

Plaintiff's allegations, statements and so forth are incoherent, not founded upon any recognized or understood legal theories, and fail to state a claim upon which relief can be granted.  Accordingly, defendant NWTS moves the Court pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss all causes of action for failure to state a claim upon which relief can be granted.

## VII.  PROPOSED ORDER

A proposed order granting the relief requested accompanies this motion.

DATED this __29___ day of April, 2009.

Routh Crabtree Olsen, P.S.

By: _/s/ Lance Olsen__
     Lance Olsen, ISB # 7106
     Attorneys for Defendants
     Northwest Trustee Services, Inc.,